PER CURIAM.
Affirmed. See Prestley v. State, 896 So.2d 862, 864 (Fla. 5th DCA 2005) (“Occupants of a car differ from, for example, customers in a store or passengers on a public bus. Occupants of a private vehicle are traveling together by choice and thus may be assumed to have some personal or business association with one another. Knowledge or suspicion that one of the occupants has been involved in criminal activity occurring within the car, or involving the car itself, serves as a basis for a reasonable suspicion that the other occupants may be participants in that activity. Therefore, we conclude that since the officers had a reasonable suspicion that the car was stolen, they had a basis for stopping and questioning the passengers in the vehicle, including the Juvenile.”) (quoting People v. H.J., 931 P.2d 1177, 1182 (Colo.1997) (internal citation omitted)). See also O.B. v. State, 36 So.3d 784, 788 (Fla. 3d DCA 2010) (“Flight can support a resisting charge if the state proves that (1) the officer had an articulable well-founded suspicion of criminal activity that justifies the officer’s detention of the defendant, and (2) the defendant fled with knowledge that the officer intended to detain him or her.”) (quoting V.L. v. State, 790 So.2d 1140, 1142-43 (Fla. 5th DCA 2001)).